IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOMAS ALFREDO MOLINA OCHOA,

      Petitioner,

v.

KRISTI NOEM, in her official capacity as
Secretary of the U.S. Department of Homeland
Security; PAMELA BONDI, in her official
capacity as Attorney General of the United
States; TODD LYONS, in his official
capacity as Acting Director and Senior
Official Performing the Duties of the
Director of U.S. Immigration and Customs
Enforcement; MARY DE ANDA-YBARRA,
in her official capacity as Field
Office Director of the El Paso Field Office
of U.S. Immigration and Customs
Enforcement, Enforcement and Removal
Operations; GEORGE DEDOS, in his
official capacity as Warden of the Cibola County
Correctional Center;

      Respondents.

Case No. 1:25-cv-00881-JB-LF

## ORDER FOR SERVICE AND TO SHOW CAUSE

THIS MATTER is before the Court on Petitioner Tomas Alfredo Molina Ochoa's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See* Petition for Writ of Habeas Corpus ("Petition"), Doc. 1. The Honorable James O. Browning referred this case to me "to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case," as authorized by 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Va. Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990). Doc. 3.

Petitioner Tomas Alfredo Molina Ochoa, a resident of North Hills, California, was taken into immigration custody in June 2025 and charged with having entered the United States without inspection.[1]  *See* Doc. 1 ¶¶ 1–2.  Following his arrest, Petitioner was transferred from an Immigrations and Customs Enforcement ("ICE") facility in California to an ICE facility in Texas before being presently detained at the Cibola County Correctional Center, located in this District.  *See id.* ¶ 25; Pet'r's Ex. C, Doc. 1-4 at 3.  Petitioner contends that his continued detention without eligibility for bond violates the Immigration and Nationality Act and Petitioner's due process rights under the Fifth Amendment.  Doc. 1 ¶¶ 6–7, 56–64.  Petitioner now seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing the Court to order federal immigration authorities to immediately release him from custody or, alternatively, consider releasing Petitioner on bond or other reasonable conditions of supervision after an individualized custody determination.  *Id.* ¶¶ E–F.

Having reviewed the current filings, the Court directs Petitioner to effectuate service of the Petition and this Order on Respondents by **Friday, October 17, 2025**.[2]  Petitioner shall file

---

[1] The Court recognizes that Respondents have not had the opportunity to respond to the Petition; therefore, the Court assumes the truth of the allegations in the Petition for purposes of this order only.

[2] Some courts serve the respondents in cases brought under 28 U.S.C. § 2241.  *See, e.g., Castillo v. Pratt*, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001); *see also* Rule 4, Rules Governing Section 2254 Cases (hereinafter "Section 2254 Rules").  In those cases, courts apply the Section 2254 Rules to § 2241 petitions.  *See Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (finding that the district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition."); *see also* Rule 1(b), Section 2254 Rules ("The district court may apply any or all of these rules to a habeas corpus petition not covered by [§ 2254].").

Here, the Court declines to apply the Section 2254 Rules to Petitioner's § 2241 petition, because the application of those rules to a § 2241 petition is discretionary, and Petitioner has not requested that the Court apply the rules to this case.  *See Gil Li v. Anda-Ybarra, et al.*, 1:25-cv-00493-MLG-GJF, Doc. 2 at 2 n.1 (D.N.M. filed May 28, 2025) (declining to apply the Section 2254 Rules to a § 2241 immigration habeas petition).  Instead, the Court will follow the more expeditious procedure laid out in 28 U.S.C. § 2243.

proof of service in conformity with the requirements of Federal Rule of Civil Procedure 4. Respondents are ordered to respond to the Petition and show cause why it should not be granted within three days of receipt of service, though for good cause they may move for additional time not to exceed twenty days. *See* 28 U.S.C. § 2243.

The Court will set a hearing within five days after the Respondents file their response unless good cause is shown for additional time. *See id.* Petitioner's reply, if any, is due three days after the response is filed, absent a written motion showing good cause for an extension of time. *See* FED. R. CIV. P. 6(b).

IT IS SO ORDERED.

_____
Laura Fashing
United States Magistrate Judge